Filing # 108623566 E-Filed 06/09/2020 07:14:51 PM

**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT, IN AND FOR ORANGE COUNTY, FLORIDA**

| | |
|---|---|
| **SANTOS P. UMANZOR,** <br> **Plaintiff,** | ) Civil Case No. |
| **v.** | ) |
| **ORLANDO II ASSOCIATES, LP d/b/a THE PARK APARTMENTS; and KIM H. BROWNSTEIN;** <br> **Defendants.** | ) **COMPLAINT;** <br> ) **JURY TRIAL DEMANDED** |

**COMPLAINT**

**COMES NOW** Plaintiff, SANTOS P. UMANZOR, by and through his undersigned counsel, THE COCHRAN FIRM – ORLANDO, LLC, and complaints against Defendants ORLANDO II ASSOCIATES, L.P. (d/b/a THE PARK APARTMENTS), and KIM BROWNSTEIN, as follows: Defendants actions of are in violation of Title VII of the Civil Rights Act of 1964, §2000e *et seq.*, the related Florida Civil Rights Act ("FCRA") of 1992, §760.01, Fla. Stat., *et seq.*, as amended, as well as Florida common law actions of Breach of Contract, Intentional Infliction of Emotional Distress, and Negligent Infliction of Emotional Distress; as well as Punitive Damages. In support of these causes, Plaintiff would show unto this Court the following facts:

**PARTIES**

1. Plaintiff SANTOS P. UMANZOR (hereinafter "Plaintiff") is a natural person who at all time relevant hereto was an employee at The Park Apartments as Maintenance Supervisor at 7528 Park Promenade Drive in Winter Park, Florida. He currently resides in Seminole County in Winter Springs, Florida.

2. Defendant, ORLANDO II ASSOCIATES, LP (d/b/a THE PARK APARTMENTS) (hereinafter "Defendant PARK APTS" or "PARK APTS"), is a Florida limited partnership,

qualified and licensed to do business in the State of Florida; is the owner in possession of that certain business, The Park Apartments, located at 7528 Park Promenade Drive in Winter Park, Florida, and located in Orange County, Florida; said business being that of an apartment complex, open to the property's tenants, guests, and employees, including the Plaintiff herein; and Defendant PARK APTS is, at all times relevant to this claim, Plaintiff's "employer" as that term is defined by the Title VII (42 U.S.C. §2000e(b)), and the F.R.C.A. (§760.01 *et seq.*).

3. Defendant KIM BROWNSTEIN (hereinafter "Defendant BROWNSTEIN" or "BROWNSTEIN") is an employee of PARK APTS, and was, at all times relevant hereto, a Property Manager at The Park Apartments property, in Winter Park, Florida. As Property Manager, BROWNSTEIN had the power, authority, and control to affect the terms and conditions of employment of Plaintiff, including assigning work, assigning overtime, and directing work.

**JURISDICTION AND VENUE**

4. This is an action for damages that exceeds Thirty Thousand Dollars ($30,000.00), exclusive of interest, costs and attorneys' fees.

5. All acts complained of occurred in Orange County, Florida, and therefore venue is proper in this Court.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

6. Prior to filing this action, Plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission of Human Relations ("FCHR") on or about July 3, 2019, attached hereto as **Exhibit 1**. More than 180 days have elapsed since the charges were filed. On March 9, 2020, the EEOC sent the Plaintiff a Notice of Rights, attached hereto as **Exhibit 2.** On March 26, 2020, Plaintiff received Notice of Rights to Sue and Charge of Discrimination papers from the agencies, and, within 90 days of his

receipt, Plaintiff has filed the instant action before this Court. Accordingly, Plaintiff is authorized to file this action and is filing same within four (4) years of the adverse actions complained of.

**FACTUAL ALLEGATIONS**

7. Plaintiff, at all times relevant hereto, was employed by Defendant PARK APTS as a Maintenance Supervisor from on or about December 21, 2015, until he was constructively terminated on or about May 4, 2019.

8. In December 2015, Plaintiff was hired by Defendant, as a Maintenance Supervisor at $20.50 per hour. Plaintiff did not receive any oral or written reprimands, nor missed any day of work during his employment, with the exception of one unlawful and retaliatory oral reprimand in May 2019.

9. At all times relevant hereto, Defendant BROWNSTEIN was employed by Defendant as the Property Manager at The Park Apartments in the capacity of Property Manager, which was Plaintiff's only direct supervisor.

10. Defendant BROWNSTEIN delegated and maintained discriminatory work assignments to Plaintiff, creating a hostile work environment for Plaintiff, from on or about December 21, 2015 until Plaintiff was forced to resign, on May 4, 2019 due to the conditions created by Defendant BROWNSTEIN for continued employment.

11. Defendant BROWNSTEIN made numerous unwelcomed advances towards Plaintiff, including but not limited to the following types of sexual harassment, all of which were inappropriate, unwelcomed, and derogatory in nature:

(a) Unwelcomed touching Plaintiff's body, including touching in the form of hugs, kisses, and groping Plaintiff;

(b) Unwelcomed rubbing of her body against Plaintiff's body, including Plaintiff's genital regions;

(c) Derogatory and vulgar comments, including questions about Plaintiff's marital relationship and intimacy;

(d) Unwelcomed hitting of Plaintiff's body, including shoulders and stomping or stepping on Plaintiff's feet and toes, as well as violently slamming doors in Plaintiff's face and on his fingers;

(e) Unwelcomed groping and/or grabbing of Plaintiff's body, including Plaintiff's back and shoulders from behind him;

(f) Unwelcomed sexual gestures towards Plaintiff, including blowing kisses at Plaintiff;

(g) Unwelcomed propositions, including those in which Defendant BROWNSTEIN asked Plaintiff to divorce his wife to be with her, as well as for Plaintiff to have sex with her in various locations, including Plaintiff's home, hotels, and vacant apartments at The Park Apartments.

12. Additionally, Defendant BROWNSTEIN maliciously and/or intentionally created a hostile environment around Plaintiff in the following ways, which include retaliatory actions after Plaintiff stopped submitting to and/or tolerating Defendant BROWNSTEIN's sexual advances:

(a) From the time Plaintiff was hired, until he was forced to resign, in May 2019 almost three-and-a-half years, total), Plaintiff was never allowed to take vacation time off from work. All of his vacation requests were denied by Defendant BROWNSTEIN and conditioned on Plaintiff submitting to sexual propositions of BROWNSTEIN

to have sex and/or divorce his wife for BROWNSTEIN. For example, any time Plaintiff would request vacation time, BROWNSTEIN would expressly or impliedly convey to Plaintiff that he is "not allowed to take vacation," and, in certain situations, destroyed Plaintiff's request forms by tearing them to pieces.

(b) Through 2018, Defendant BROWNSTEIN required Plaintiff to act as her personal caregiver by providing payments to pay for BROWNSTEIN's medical bills. Plaintiff's submission of these payments to BROWNSTEIN were given under BROWNSTEIN's express and/or implied conditions that he would be demoted, replaced, or terminated, if he failed to act as her caregiver. BROWNSTEIN extorted tens of thousands of dollars from Plaintiff in this manor through express and/or implied threats or conditions on his employment.

(c) From 2016 through 2019, BROWNSTEIN also required Plaintiff to provide for her in this caregiver-type way in the form of cash, food, clothing, jewelry and other goods. In certain situations, BROWNSTEIN would promise Plaintiff that she would repay him, but, most of the time, she would return the goods to the stores for a refund of the money and keep the refund for herself. These financial pressures caused Plaintiff to require financial assistance from his family, in order to pay his bills.

(d) Defendant BROWNSTEIN even required Plaintiff to open a Wells Fargo bank account dedicated to BROWNSTEIN so that BROWNSTEIN could withdrawal Plaintiff's funds freely and without Plaintiff's prior approval.

(e) Throughout Plaintiff's employment while working under Property Manager Brownstein, he was subject to extortive treatment based on his sex, and part of

Brownstein's overall unwelcomed sexual advances. Defendant BROWNSTEIN would condition Plaintiff's employment upon his purchasing of goods for BROWNSTEIN which were not work-related, and for which Plaintiff was not adequately compensated for by BROWNSTEIN or PARK APTS. For example, on September 28, BROWNSTEIN forced Plaintiff to withdraw hundreds of dollars from his personal bank account and give the money to her, under the express or implied condition that if he did not do so he would be demoted, replaced or terminated by Defendant PARK APTS or BROWNSTEIN herself.

(f) Between December 2018 and May 2019, Defendant BROWNSTEIN intentionally undermined Plaintiff's directions to his maintenance team and created disorder in his work schedules by disseminating arbitrary assignments to Plaintiff's team that contradicted Plaintiff's workflow and staff-assignments, and thus created a hostile and abusive work environment.

(g) Between December 2018 and May 2019, Defendant BROWNSTEIN recruited Plaintiff's colleagues to "spy" on him and harass him about his work, even though Plaintiff had never been found to be disobedient or performing at a substandard level prior to May 2019. These acts of "spying" on Plaintiff included taking non-consensual pictures and videotapes of him.

(h) In April 2019, Defendant BROWNSTEIN intentionally and publicly humiliated Plaintiff in front of numerous colleagues, by yelling and verbally abusing Plaintiff in a sexually discriminatory manner.

(i) In May 2019, Defendant BROWNSTEIN, again, verbally abused and harassed Plaintiff by screaming and raising her voice at Plaintiff inside the leasing office of The Park Apartments.

13. Plaintiff started objectively rejecting BROWNSTEIN in December of 2018, at which time he started vehemently rejecting and/or denying all of Defendant BROWNSTEIN's attempts to take advantage of his sex at the workplace. At that time, Plaintiff also began objectively denying any and all of Defendant BROWNSTEIN's advances, even though he knew it might result in Defendant PARK APTS' failure to remedy and correct the situation, and lead to Defendant BROWNSTEIN's ultimate retaliation against Plaintiff for failing to submit to her sexually and provide for her intimately.

14. In fact, once Plaintiff stopped allowing Defendant BROWNSTEIN any unwelcomed advances and cutoff her means to extort money, food, clothes, jewelry from him, BROWNSTEIN began retaliating against him, humiliating him publicly and behind his back, and plotted her revenge upon Plaintiff for his failure to submit to and tolerate her unwelcomed behavior.

15. Defendant BROWNSTEIN's threats against his livelihood were realized multiple times throughout Plaintiff's sexually conditioned employment with Defendant PARK APTS in the following ways, which were a result of BROWNSTEIN's sexual misconduct as a supervisor, and Defendant PARK APTS' failure to take appropriate action against BROWNSTEIN or correct the misconduct in any way. These realizations manifested in various ways, such as the following:

(a) Plaintiff was never allowed any personal time off ("PTO") or vacation time.

(b) Plaintiff received a verbal warning in May 2019 based on fabricated and pretextual grounds.

(c) Plaintiff, to this day, has not received his COBRA Health Insurance as promised in the terms of his employment, in violation of the Consolidated Omnibus Budget Reconciliation Act (COBRA).

16. At all times relevant hereto, Defendant BROWNSTEIN expressly or impliedly conditioned Plaintiff's work hours, vacation time, and other employment benefits upon Plaintiff's willingness to submit to or tolerate her unwelcomed sexual advances towards Plaintiff.

17. Plaintiff received numerous written evaluations during his time under Defendant BROWNSTEIN. During those evaluations, BROWNSTEIN referred to Plaintiff's work product as exceptional, hard-working, and cited no issues with Plaintiff's job performance. Indeed, Defendant BROWNSTEIN conditioned Plaintiff's favorable evaluations on him continuing to submit to or tolerate her unwelcomed sexual advances towards, and demands from, Plaintiff. In fact, the only negative record of Plaintiff is a verbal warning in retaliation to Plaintiffs complaints, when Plaintiff failed to submit to or tolerate BROWNSTEIN's sexual advances and demands.

18. As a direct result of Defendant BROWNSTEIN's unlawful actions towards Plaintiff, Plaintiff was afraid to go to work or be in the office around BROWNSTEIN, due to the constant unwelcomed advances and hostile work environment which BROWNSTEIN had created for Plaintiff at his workplace. Plaintiff felt like he was working in an unhealthy workplace where he was sexually harassed and humiliated by BROWNSTEIN on a daily basis, regardless of his express position against BROWNSTEIN's unwelcomed propositions and sexual advances.

19. Even though Plaintiff vehemently refused Defendant BROWNSTEIN's sexual advances, Plaintiff was forced to submit to and tolerate BROWNSTEIN's physical and mental harassment Plaintiff through unwanted touching and demands for money, gifts, and other

tangibles, because BROWNSTEIN threatened to demote and/or terminate Plaintiff in the event that Plaintiff did not submit to, tolerate or acquiesce to BROWNSTEIN's harassment.

20. Plaintiff even tried to alert Defendant BROWNSTEIN to the implications her sexual harassment towards him might have on her personal life at home, asking BROWNSTEIN to think about her husband and how her husband would feel about her sexual advances toward Plaintiff, and BROWNSTEIN's other inappropriate and unwelcomed sexual behavior towards Plaintiff. To this, BROWNSTEIN shrugged off these major implications, saying to Plaintiff things like "do not worry about my husband," and even explicitly saying to Plaintiff that her husband has caught her sexually harassing employees "four times already," the last time being with a maintenance supervisor from another apartment complex.

21. In April 2018, after Plaintiff told Defendant BROWNSTEIN that he was going to resign if she did not stop harassing him, BROWNSTEIN replied, "I know you are . . ." and told him that her plan was to replace Plaintiff and "look for another man who can support" her sexual and financial needs and desires.

22. Defendant BROWNSTEIN disseminated and encouraged derogatory treatment towards Plaintiff's sex and/or gender within Plaintiff's workplace and among his co-workers. Plaintiff expressed to BROWNSTEIN numerous times that this treatment was unwelcomed, but BROWNSTEIN responded to Plaintiff with more derogatory treatment of the same nature for more than three years while Plaintiff was BROWNSTEIN's employee and subordinate.

23. Plaintiff's employment with Defendant PARK APTS was conditioned upon his being subjected to this harassment by Defendant BROWNSTEIN, who was the supervisor assigned to be notified of any sexual harassment in the workplace. BROWNSTEIN told Plaintiff that he must submit to her sexual harassment or Plaintiff would "be fired or demoted."

BROWNSTEIN forced Plaintiff to pick between being sexually harassed on a daily basis or being fired for not submitting to this discriminatory and hostile treatment.

24. In fact, Plaintiff reported the sexual harassment to his supervisor numerous times. However, Plaintiff's supervisor (*i.e.*, Defendant BROWNSTEIN) was the aggressor in this case, who did nothing to fix or remedy the reported sexual harassment. In fact, Plaintiff's sexual harassment complaints were never investigated, as required by Defendant PARK APTS' company policy, and the unwelcomed advances continued until Plaintiff took a stand against them. But, when Plaintiff finally stood up for himself, Defendant BROWNSTEIN took retaliatory action against him and forced Plaintiff to resign, just as Plaintiff had feared, on or about May 4, 2019.

25. Defendant PARK APTS failed to follow company policy numerous times in regard to Plaintiff's sexual harassment complaints. Although Defendant PARK APTS had a sexual harassment policy that required all employees to report workplace harassment, and for all reports to be investigated, PARK APTS failed to take any action in regard to Plaintiff's and others' complaints of sexual harassment from BROWNSTEIN, including co-workers' complaints of BROWNSTEIN's misconduct and harassment against Plaintiff. For example, in 2018, after Defendant PARK APTS had actual and/or constructive notice of Defendant BROWNSTEIN's sexual harassment against Plaintiff, and Defendant PARK APTS failed to adequately correct and/or remedy the workplace conditions. Instead, Defendant PARK APTS revised its harassment policy in favor of Defendant BROWNSTEIN to require complaints to be overseen by the Property Manager (*i.e.*, Defendant BROWNSTEIN), Plaintiff's harasser in this case. Therefore, Plaintiff's complaints of sexual harassment at the workplace were being screened by his harasser, thereby creating inherent unfairness in Defendant PARK APTS' policy that allowed Defendant

BROWNSTEIN to be immune from any complaints, with a mocking bias against investigating any formal or informal reports of sexual harassment associated with herself.

26. Defendant THE PARTK APARTMENTS was put on notice at least three times about Defendant BROWNSTEIN's sexual harassment towards Plaintiff:

(a) On December 15, 2017, a tenant at The Park Apartments filed a complaint about Defendant BROWNSTEIN with Defendant PARK APTS' corporate office, explaining Defendant BROWNSTEIN's sexual harassment against Plaintiff. The tenant stated that she had "some evidence of [BROWNSTEIN] and her inappropriate behavior relationship" she was having with Plaintiff, which included kissing and holding Plaintiff in public, and trapping Plaintiff alone in empty apartments. Indeed, Defendant PARK APTS failed to investigate this complaint in any meaningful way, if at all. Plaintiff was never questioned, and no further record was created that stemmed from complaint. This was not the last time Defendant PARK APTS was notified of Defendant BROWNSTEIN's discriminatory treatment of Plaintiff.

(b) On January 16, 2018, the same tenant filed another email complaint. This time the complaint was sent directly to Defendant BROWNSTEIN. In the complaint, the tenant memorialized Defendant BROWNSTEIN's inappropriate, sexual behavior towards Plaintiff. In this email, the tenant stated that what Defendant BROWNSTEIN was "doing is wrong" and explaining that she had evidence of BROWSTEIN's sexual harassment of Plaintiff. Yet, again, Defendant PARK APTS failed to investigate these allegations in any meaningful way, if at all.

Plaintiff was never questioned, and no further record was created that stemmed from complaint.

(c) A third complaint was sent to Defendant PARK APTS about Defendant BROWNSTEIN's sexual harassment towards Plaintiff. This time it was from a leasing agent at The Park Apartments who was Plaintiff's co-worker. The complaint explained in detail the type of sexual harassment that Defendant BROWNSTEIN is alleged of doing in this complaint. The complaint also outlined the reasons why other employees at The Park Apartments had not come forward, such as Defendant BROWNSTEIN's retaliatory threats and how BROWNSTEIN would "make up several things as reason to no longer employ" someone, even if they were not true. She also stated that "others are to[o] scared to tell [Defendants] because [o]f being fired." Upon information and belief, the author of this complaint was fired the same day that she filed the complaint. And, yet again, Defendant failed to investigate these allegations in a meaningful way, if at all. Plaintiff was never questioned, and no further record was created that stemmed from the complaint.

27. When Plaintiff began to take action against the unwelcomed behavior of Defendant BROWNSTEIN by refusing to submit to her sexual advances and other harassment, BROWNSTEIN took retaliatory action against Plaintiff by recruiting and/or forcing other employees to incriminate Plaintiff, including putting pressure on Plaintiff's co-workers to make fabricated and/or ingenuine statements about Plaintiff, as well as segregating work communications to prohibit direct communication with Plaintiff.

28. As a result of the retaliatory treatment from Defendant BROWNSTEIN, Plaintiff was forced to choose between continued employment or continued harassment.

29. Upon information and belief, Plaintiff is the only employee in his department not to have been allowed any PTO or vacation time by BROWNSTEIN for pretextual reasons. Defendant BROWNSTEIN never approved any vacation time for Plaintiff.

30. It is further alleged upon information and belief that Defendant PARK APTS was aware of Defendant BROWNSTEIN's sexual harassment and retaliatory actions towards Plaintiff, but failed to investigate and correct or remedy the situation in any meaningful way.

31. This grossly negligent and unlawful action and/or inaction of Defendant PARK APTS unreasonably and unjustifiably allowed BROWNSTEIN's unlawful conduct to develop and inflate for almost three-and-a-half years without any attempt to resolve the sexually discriminatory treatment and hostile environment surrounding Plaintiff. As a direct and proximate result of these his action unlawful conduct by Defendants, Plaintiff suffered damages and was forced to endure an abusive and hostile work environment, ultimately leading to Plaintiff's constructive termination and causing substantial and severe physical and emotional suffering, anxiety, inconvenience, and humiliation.

**COUNT I – SEXUAL HARASSMENT OF SANTOS P. UMANZOR**
**(AGAINST THE PARK APARTMENTS AND KIM BROWNSTEIN)**

32. Plaintiff restates the allegations contained in Paragraphs 1 through 31 above as and for this paragraph as if fully set forth herein.

33. Plaintiff was subjected to unwelcome, offensive and harassing sexually discriminatory conduct during her employment with Defendant PARK APTS which was perpetrated upon him by Defendant BROWNSTEIN, his direct supervisor and the Property Manager at The Park Apartments, and this conduct was based upon and directed at Plaintiff by reason of his sex.

34. Plaintiff notified Defendant BROWNSTEIN of the sexually harassing and discriminatory conduct, but Defendant BROWNSTEIN failed to take any appropriate corrective action.

35. Multiple other persons, employees and non-employees, noticed Defendant PARK APTS, which was otherwise aware, of the sexually harassing and discriminatory conduct, but Defendant PARK APTS failed to take any appropriate corrective action.

36. This sexually harassing and discriminatory conduct was sufficiently severe and pervasive so as to unreasonably interfere with Plaintiff's physical health and work performance, *inter alia*, so as to create an intimidating, hostile, and offensive working environment.

37. During the times referenced herein, Plaintiff was the subject of having a forced and/or non-consensual sexual relationship with Defendant BROWNSTEIN, of engaging in unwelcomed sexual acts for BROWNSTEIN, and was openly degraded and sexually harassed by Defendant BROWNSTEIN in front of other co-workers. No corrective action was ever taken against Defendant BROWNSTEIN for such conduct, while Plaintiff was employed by Defendant PARK APTS.

38. Said multiple comments and harassment ruined the reputation and credibility of Plaintiff and created an atmosphere of hostility which severely damaged the reputation in the eyes of Plaintiff's co-workers and supervisors.

39. Plaintiff was a victim of retaliatory conduct on the part of Defendants. Moreover, this conduct was ongoing and pervasive and constituted a continual violation of Plaintiff's right. During the course of his employment, Plaintiff was forced to work in sexual discriminatory and hostile environment. Defendant PARK APTS was put on notice of the sexually suggestive and

prohibitive nature of its employee Property Manager, Defendant BROWNSTEIN, and failed to take immediate corrective action, all to Plaintiff's detriment.

40. Defendant PARK APTS was aware of the hostile work environment and acquiesced in the environment. Defendant PARK APTS was even notified on three separate occasions by written complaints that Defendant BROWNSTEIN was sexually harassing Plaintiff at work, yet no official action was taken to change the atmosphere at The Park Apartments.

41. Defendant BROWNSTEIN's sexual harassment was open and obvious to other employees, both management and non-management, at The Park Apartments.

42. Other non-employees complained to Defendant PARK APTS regarding harassing behavior of Defendant BROWNSTEIN towards male employees during the times referenced herein yet no corrective action was taken.

43. As a direct and proximate result of the harassing and hostile sexual environment of Defendant PARK APTS and Defendant BROWNSTEIN, Plaintiff suffered great embarrassment, humiliation, and mental and physical anguish.

44. Plaintiff requests relief as described in the Prayer for Relief Below.

**COUNT II – TITLE VII – HOSTILE WORK ENVIRONMENT**
**(AGAINST THE PARK APARTMENTS)**

45. Plaintiff restates the allegations contained in Paragraphs 1 through 31 above as and for this paragraph as if fully set forth herein.

46. Plaintiff has filed a timely charge with the EEOC and thus has exhausted his administrative remedies.

47. Plaintiff is a member of a protected class based on his sex and engaged in protected activities whereby he had the right to reject unwelcomed sexual advances in the workplace, and to complain of the same without retaliation.

48. Plaintiff's supervisor created a hostile and/or abusive work environment through her verbal, physical, and visual harassment, as well as her unwanted sexual advances.

49. Plaintiff's employment benefits were expressly and impliedly conditioned on her submission to or tolerance of unwelcome sexual advances.

50. Therefore, the conduct herein complained of was severe and/or pervasive enough to alter the conditions of his employment and create a work environment that was hostile or abusive to Plaintiff because of his sex.

51. Plaintiff used the preventative and corrective measures that the employer provided but was unsuccessful in preventing the harm that the employee (Plaintiff) suffered for approximately three-and-a-half years, and Defendant PARK APTS failed to take reasonable steps to prevent and correct the workplace harassment for approximately the same time period.

52. As a direct result of Defendant PARK APTS' discriminatory practices and/or policies as described above, Plaintiff suffered damages including, but not limited to, lost past and future income, compensation, and benefits.

53. The acts of Defendant PARK APTS thus constitute a violation of Title VII of the Civil Rights Act of 1964, as amended, and entitle Plaintiff to the recovery of damages.

54. Plaintiff requests relief as described in the Prayer for Relief Below.

**COUNT III – F.R.C.A. – HOSTILE WORK ENVIRONMENT**
**(AGAINST THE PARK APARTMENTS)**

55. Plaintiff restates the allegations contained in Paragraphs 1 through 31 above as and for this paragraph as if fully set forth herein.

56. Plaintiff has filed a timely charge with the EEOC and thus has exhausted his administrative remedies.

57. Plaintiff is a member of a protected class based on his sex and engaged in protected activities whereby he had the right to reject unwelcomed sexual advances in the workplace, and to complain of the same without retaliation.

58. Plaintiff's supervisor created a hostile and/or abusive work environment through her verbal, physical, and visual harassment, as well as her unwanted sexual advances.

59. Plaintiff's employment benefits were expressly and impliedly conditioned on her submission to or tolerance of unwelcome sexual advances.

60. Therefore, the conduct herein complained of was severe and/or pervasive enough to alter the conditions of his employment and create a work environment that was hostile or abusive to Plaintiff because of his sex.

61. Plaintiff used the preventative and corrective measures that the employer provided but was unsuccessful in preventing the harm that the employee (*i.e.*, the Plaintiff) suffered for approximately three-and-a-half, and Defendant PARK APTS failed to take reasonable steps to prevent and correct the workplace harassment for approximately the same time period.

62. As a direct result of Defendant PARK APTS' discriminatory practices and/or policies as described above, Plaintiff suffered damages including, but not limited to, lost past and future income, compensation, and benefits.

63. The acts of Defendant PARK APTS thus constitute a violation of the Florida Civil Rights Act, as amended, and entitle Plaintiff to the recovery of damages.

64. Plaintiff requests relief as described in the Prayer for Relief Below.

**COUNT IV – TITLE VII – RELATIATION**
**(AGAINST THE PARK APARTMENTS)**

65. Plaintiff restates the allegations contained in Paragraphs 1 through 31 above as and for this paragraph as if fully set forth herein.

66. Plaintiff has filed a timely charge with the EEOC and thus has exhausted his administrative remedies.

67. During the course of his employment, Plaintiff (and others on his behalf) complained to Defendants' supervisory and management employees regarding the severe and pervasive harassment Plaintiff was subjected to by BROWNSTEIN.

68. Plaintiff engaged in protected activities, including use of internal complaints about unlawful discrimination of his supervisor and filing charges with the EEOC complaining of the same; and through co-workers' and/or non-employee complaints of unlawful discrimination and their filing charge of same.

69. Defendant PARK APTS, by and through its Property Manager, Defendant BROWNSTEIN, as well as its own actions and/or inaction, took adverse action and retaliated against Plaintiff because Plaintiff engaged in activities protected by the law, including participating in at least three different sexual harassment reporting procedures filed with Defendant PARK APTS complaining of sexual harassment by Defendant BROWNSTEIN against Plaintiff.

70. Defendant PARK APTS retaliation resulted in Plaintiff's constructive termination because of his participation in protected activities, and Plaintiff suffered damages as a result. Defendant PARK APTS failed to correct and/or remedy the same.

71. As a result of Defendants' adverse and retaliatory actions, Plaintiff suffered damages. Plaintiff was damaged as a result of Defendant's retaliation sustaining lost wages, benefits, and mental and physical anguish, among other things, as well as resulting in constructive termination of the Plaintiff.

72. The aforementioned acts and omissions of Defendant constitute retaliation against Plaintiff based on his opposition of the sexual harassment and hostile work environment to which

he was subjected while employed by Defendant PARK APTS, and have deprived Plaintiff of the enjoyment of all benefits, privileges, terms and conditions of his employment in violation of Title VII of the Civil Rights Act of 1964, as amended.

73. Plaintiff requests relief as described in the Prayer for Relief Below.

**COUNT V – F.R.C.A. – RETALIATION**
**(AGAINST THE PARK APARTMENTS)**

74. Plaintiff restates the allegations contained in Paragraphs 1 through 31 above as and for this paragraph as if fully set forth herein.

75. Plaintiff has filed a timely charge with the EEOC and thus has exhausted his administrative remedies.

76. Plaintiff engaged in protected activities, including use of internal complaints about unlawful discrimination of his supervisor and filing charges with the EEOC complaining of the same; and through co-workers' and/or non-employee complaints of unlawful discrimination and their filing charge of same.

77. During the course of his employment, Plaintiff (and others on his behalf) complained to Defendants' supervisory and management employees regarding the severe and pervasive harassment Plaintiff was subjected to by BROWNSTEIN.

78. Defendant PARK APTS, by and through its Property Manager, Defendant BROWNSTEIN, as well as its own action and/or inactions, took adverse action and retaliated against Plaintiff because Plaintiff engaged in activities protected by the law, including participating in at least three different sexual harassment reporting procedures filed with Defendant PARK APTS complaining of sexual harassment by Defendant BROWNSTEIN against Plaintiff.

79. As a result of Defendants' adverse and retaliatory actions, the Plaintiff suffered damages. Plaintiff was damaged as a result of Defendant's retaliation sustaining lost wages,

benefits, and mental and physical anguish, among other things, as well as resulting in constructive termination of the Plaintiff.

80. The aforementioned acts and omissions of Defendant constitute retaliation against Plaintiff based on his opposition of the sexual harassment and hostile work environment to which he was subjected while employed by Defendant PARK APTS, and have deprived Plaintiff of the enjoyment of all benefits, privileges, terms and conditions of his employment in violation of the Florida Civil Rights Act, as amended.

81. Plaintiff requests relief as described in the Prayer for Relief Below.

**COUNT VI – BREACH OF CONTRACT**
**(AGAINST THE PARK APARTMENTS)**

82. Plaintiff restates the allegations contained in Paragraphs 1 through 31 above as and for this paragraph as if fully set forth herein.

83. By performing as Maintenance Supervisor at The Park Apartments, Plaintiff conferred a benefit to Defendants, creating a duty on the part of Defendant PARK APTS to provide compensation, including wages and other benefits afforded to its employees.

84. Defendant PARK APTS has knowledge that Plaintiff provided a benefit to them as an employee under the job title Maintenance Supervisor, for which Plaintiff has not received full compensation and benefits as promised by Defendant PARK APTS.

85. Defendant PARK APTS has retained and/or withheld such benefits owed to Plaintiff as his COBRA insurance, constituting breach of contract with Plaintiff, resulting in damages and unjust enrichment; and, the circumstances are such that it would be inequitable and illegal for Defendant PARK APTS to retain the benefits of COBRA without paying fair value for it to Plaintiff.

86. Plaintiff requests relief as described in the Prayer for Relief Below.

**COUNT VII – TORTIOUS INTERFERENCE**
**(AGAINST KIM BROWNSTEIN)**

87. Plaintiff restates the allegations contained in Paragraphs 1 through 31 above as and for this paragraph as if fully set forth herein.

88. Defendant BROWNSTEIN, acting outside the course and scope of her employment, without justification, and for improper, personal, and vindictive purposes, to wit, to punish and to humiliate the Plaintiff for having refused her sexually harassing behaviors towards the Plaintiff, and punish Plaintiff for his disclosures and participation in the investigation.

89. Defendant BROWNSTEIN was fully aware that Mr. Umanzor was the subject of the sexual harassment complaints disclosed to Defendant PARK APTS regarding her behavior.

90. As a result of said conduct and interference, Plaintiff was constructively terminated from his employment, and suffered damages, including inconvenience, humiliation, anxiety, and expense.

91. Plaintiff requests relief as described in the Prayer for Relief Below.

**COUNT VIII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(AGAINST KIM BROWNSTEIN)**

92. Plaintiff restates the allegations contained in Paragraphs 1 through 31 above as and for this paragraph as if fully set forth herein.

93. The foregoing actions by Defendant BROWNSTEIN sexually harassing Plaintiff, creation of a hostile work environment for Plaintiff, retaliating against Plaintiff for his engaging in protected acts, and breaching Plaintiff's employment contract were intentional, abusive, willful, done in bad faith, and/or done with gross negligence or recklessness. Moreover, these actions were of the type that Defendant BROWNSTEIN did foresee or should have reasonably foreseen would cause great emotional distress, anxiety, inconvenience, and expense, including attorneys' fees, on the part of Plaintiff.

94. As such, the actions of Defendant BROWNSTEIN constitute an independent tort.

95. As a proximate cause of Defendant BROWNSTEIN's actions, Plaintiff has in fact suffered great emotional distress, anxiety, inconvenience, and expenses, including attorneys' fees.

96. Defendant BROWNSTEIN is thus liable to Plaintiff for intentional infliction of emotional distress.

97. Plaintiff requests relief as described in the Prayer for Relief Below.

**COUNT IX – NEGLIGENT INFLICTION OF EMOTION DISTRESS (AGAINST THE PARK APARTMENTS AND KIM BROWNSTEIN)**

98. Plaintiff restates the allegations contained in Paragraphs 1 through 31 above as and for this paragraph as if fully set forth herein.

99. In the alternative, the actions of Defendant BROWNSTEIN were done in a negligent manner and Defendant BROWNSTEIN did foresee or reasonably should have foreseen that such actions would cause great emotional distress, anxiety, inconvenience, and expense, including attorneys' fees, on the part of Plaintiff, and such negligent actions did proximately cause Plaintiff to suffer great emotional distress, anxiety, inconvenience, and expenses, including attorneys' fees.

100. Defendants PARK APTS new and/or should have known of this conduct and failed to correct or remedy the situation. As such, Defendants PARK APTS did foresee or reasonably should have foreseen that such actions, if gone unmitigated, would cause great distress, anxiety, inconvenience, and expense, including attorneys' fees, on the part of Plaintiff, and such negligent actions or inactions on the part of PARK APTS, did proximately cause plaintiff to suffer great emotional distress, anxiety, inconvenience, and expenses, including attorneys' fees. Alternatively, Defendants PARK APTS are vicariously liable for the negligence of its employee, Defendant BROWNSTEIN.

101. As such, Defendants PARK APTS and BROWNSTEIN are liable to Plaintiff for negligent infliction of emotional distress, and the damages suffered by Plaintiff therefrom.

102. Plaintiff requests relief as described in the Prayer for Relief Below.

**COUNT X – PUTATIVE DAMAGES**
**(AGAINST THE PARK APARTMENTS AND KIM BROWNSTEIN)**

103. Plaintiff restates the allegations contained in Paragraphs 1 through 32 above as and for this paragraph as if fully set forth herein.

104. The above-described actions of Defendants PARK APTS and BROWNSTEIN were intentional, willful, abusive, done with gross recklessness, done in bad faith, done without reasonable basis and/or with gross negligence or recklessness. As such, Defendants are liable to Plaintiff for punitive damages.

105. Plaintiff requests relief as described in the Prayer for Relief Below.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff SANTOS UMANZOR prays that, upon the trial of this matter to a jury, Plaintiff will be granted the following in an amount determined by the jury:

(a) An award of actual damages, including lost wages and benefits;

(b) Compensatory Damages, including lost compensation; mental anguish; loss of dignity and reputation; damage to career path; inconvenience; damage to reputation; loss of enjoyment of life; and, pain and suffering damages;

(c) Putative damages;

(d) Attorney's fees and costs;

(e) Costs and Expenses; and,

(f) Such other relief as the court may deem equitable, and to which Plaintiff may be properly entitled, including declaratory relief that his rights were violated by the Defendant.

**JURY DEMAND**

Plaintiff SANTOS P. UMANZOR hereby demands a trial by jury pursuant to the Florida Rule of Civil Procedure 1.430(b) on all issues so triable.

Dated this 9th day of June 2020.

Respectfully submitted,

**THE COCHRAN FIRM – ORLANDO, LLC**

/s/Michael G. Mann
Michael G. Mann, Esq.
Florida Bar No.: 1020249
118 East Jefferson Street, Suite 208
Orlando, Florida 32801
Office: (407) 271-8590
Fax: (407) 271-8059
MMann@CochranFirm.com
***Attorney for Plaintiff***

# EXHIBIT 1

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: Agency(ies) Charge No(s):

[X] FEPA 461-2019-00086

[X] EEOC 15F-2019-00086

City Of Orlando Office Of Human Relations and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Santos P. Umanzor | (407) 272-1073 | 1955 |

Street Address / City, State and ZIP Code

974 El Lago Terrace, Winter Springs, FL 32708

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| THE PARK APARTMENTS | Under 15 | (407) 679-4226 |

Street Address / City, State and ZIP Code

7528 Park Promenade Dr., Winter Park, FL 32792

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

Street Address / City, State and ZIP Code

Received JUL 05 2019 Tampa Field Office

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[ ] RACE [ ] COLOR [X] SEX [ ] RELIGION [ ] NATIONAL ORIGIN
[X] RETALIATION [ ] AGE [ ] DISABILITY [ ] GENETIC INFORMATION
[ ] OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE

| Earliest | Latest |
|---|---|
| 09-01-2018 | 05-04-2019 |

[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**I. PERSONAL HARM**

On May 4, 2019, I was subjected to constructive discharge. Since September of 2018, and prior, I was subjected to sexual harassment, retaliatory discipline, and intimidation. I had worked for the respondent since December of 2015 as a maintenance supervisor.

**II. RESPONDENT'S REASON FOR PERSONAL HARM**

The respondent gave no reason for its actions.

**III. DISCRIMINATION STATEMENT**

I believe I have been discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended, and the 1992 Florida Civil Rights Act because of my sex/male, and Retaliation 704(a) and 760.10(7) by being subjected to constructive discharge, sexual harassment, retaliatory discipline, and

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Jul 03, 2019

*Date* *Charging Party Signature*

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*

7/3/19

LAVERN COLE Notary Public - State of Florida Commission # GG 017580 My Comm. Expires Aug 1, 2020 Bonded through National Notary Assn.




EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| | [X] FEPA | 46-2019-000 86 |
| | [X] EEOC | 15F-2019-00086 |

City Of Orlando Office Of Human Relations and EEOC

State or local Agency, if any

intimidation for the following reasons:

1. Since September of 2018, and prior, Kim Brownstein (female), Property Manager, subjected me to sexual harassment by forcing me to give her money and buy her jewelry, kissing and hugging me, and grinding her body against me. My constant objections to her unwelcomed conduct were to no avail.

2. Since September of 2018, and prior, Kim Brownstein (female), Property Manager, subjected me to retaliatory discipline and intimidating threats that she was going to demote me and hire another maintenance supervisor.

3. On May 4, 2019, I was forced to resign because Kim Brownstein (female), Property Manager, refused to stop threatening my employment and tried to force me to continue to give her money and buy her food and other items.

4. I believe the respondent's actions were because of my sex/male, and in retaliation for objecting to the respondent's sexual advances.

Received
JUL 05 2019
Tampa Field Office

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Jul 03, 2019<br>Date<br>Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)<br>7/3/19<br>LAVERN COLE Notary Public - State of Florida Commission # GG 017588 My Comm. Expires Aug 1, 202[illegible] Bonded through National Notary Assn. |

# EXHIBIT 2

EEOC Form 161 (11/16)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

To: **Santos P. Umanzor**
**974 El Lago Terrace**
**Winter Springs, FL 32708**

From: **Tampa Field Office**
**501 East Polk Street**
**Room 1000**
**Tampa, FL 33602**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **15F-2019-00086** | **My Linh Kingston, Investigator** | **(813) 202-7937** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Evangeline Hawthorne

Evangeline Hawthorne,
Director

3/9/2020
*(Date Mailed)*

Enclosures(s)

cc:

**Pat Addeo**
**President**
**Taft Management Inc.**
**250 Davisville Avenue, Suite 108**
**Toronto, Ontario**
**M4S 1H2 Canada**

**Autumn P. George**
**Director**
**Galloway Johnson Tompkins Burr & Smith**
**400 N. Ashley Drive, Suite 1000**
**Tampa, FL 33602**

Michael G. Mann, Esq.
The Cochran Firm Orlando
118 E. Jefferson St, Ste 302
Orlando, FL 32801

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL

7019 2970 0000 4780 2408

UNITED STATES POSTAL SERVICE

1023

32825

U.S. POSTAGE PAID
FCM LG ENV
ORLANDO, FL
32801
JUN 29, 20
AMOUNT

$8.60

R2304M114440-29

Kim Brownstein
1619 Lady Slipper Circle
Orlando, FL 32825

MICHAEL G. MANN, ESQ.
THE COCHRAN FIRM, ORLANDO
118 E JEFFERSON ST., STE 302
ORLANDO, FL 32801